FILED
2011 Feb-16  AM 10:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TOMMY CLAY WORRELL, | ] |
| Plaintiff, | ] |
| vs. | ] 7:10-CV-3359-LSC |
| RANDY FRANKLIN and SHERRY FRANKLIN, | ] |
| Defendants/Third-Party Plaintiffs, | ] |
| and | ] |
| STATE FARM FIRE & CASUALTY COMPANY, | ] |
| Defendants/Third-Party Defendants. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

Pending is Third-Party Plaintiffs Randy and Sherry Franklin's motion to remand (Doc. 6) filed December 31, 2010.  The Worrell Plaintiffs join the Franklins' motion to remand.  (Doc. 8.)  On September 30, 2009, the

Worrells sued the Franklins in the Circuit Court of Bibb County, Alabama, alleging injuries to young Tommy Worrell resulting from the Franklin's dog biting him. State Farm Fire & Casualty Company ("State Farm") declined to defend the Franklins, prompting them to file a third-party complaint against State Farm and later a claim against Sandra Self,[1] a State Farm employee. State Farm removed this case on December 3, 2010, asserting diversity jurisdiction exists under 28 U.S.C. § 1332 because of fraudulent joinder and the parties' misalignment. (Doc. 1 at 7, 13.)

In their motion, the Franklins assert that diversity jurisdiction does not exist, that the notice of removal is untimely under 28 U.S.C. § 1446, that third-party defendants are not "defendants" under 28 U.S.C. § 1441, and that State Farm has waived its right to remove. (Doc. 6.) The issues raised in the Franklins' motion are now ripe for decision. After considering the presented evidence and legal arguments, the motion is due to be granted.

II. Background[2]

---

[1] Also pending is Defendant Self's motion to dismiss. (Doc. 12.) Because remand is appropriate, the motion is moot.

[2] The facts are taken from the parties' pleadings.

Months after their child suffered a dog bite, the Worrells filed suit on September 30, 2009, in state court, seeking punitive damages along with various other expenses. State Farm initially agreed to defend and indemnify the homeowners, the Franklins, under an insurance contract. But, on December 3, 2009, State Farm refused to indemnify and withdrew from defending due to the Franklins' alleged failure to notify it promptly.

The Franklins then sought relief from State Farm's refusal on July 16, 2010, in a third party complaint naming State Farm and the Worrells as defendants. The complaint seeks a declaratory judgment from the state court that State Farm remained obligated to defend and indemnify the Franklins. Next, on August 24, 2010, the state court ordered separate trials for the coverage question and the underlying claim by the Worrells. State Farm then filed a motion for summary judgment regarding the policy's notification requirement, which the state court denied on November 4, 2010.

The next day, November 5, the Franklins added three new counts—including one for bad faith—against State Farm in a complaint amending their July 16 complaint. On December 1, 2010, the Franklins

amended again, adding Sandra Self as another third-party defendant. State Farm removed this case on December 3, 2010. As currently captioned, this case pits the Franklins, Alabama citizens, against the Worrells, Alabama citizens, State Farm, an Illinois citizen, and Sandra Self, an Alabama citizen.

III.   Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts construe removal statutes narrowly, resolving uncertainty by remanding. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

IV.   Analysis.

The Franklins contend[3] that State Farm's notice of removal is untimely. Section 1446(b) sets out the time frame for a notice of removal:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on

---

[3]In the interest of time, because the Court has found sufficient basis for removal, it declines to address the following issues: third-party removal, fraudulent joinder, realignment, and waiver.

  the basis of jurisdiction conferred by section 1332 of this title
  more than 1 year after commencement of the action.
28 U.S.C. § 1446(b).

  Neither party disputes that the Worrells filed the underlying case on September 30, 2009, that State Farm became a third-party defendant on July 16, 2010, or that State Farm sought to remove this case under Section 1332 on December 3, 2010.  Though neither party argues that the one year limit on removal after commencement applies, it does.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) ("No case, however, may be removed from state to federal court based on diversity of citizenship more than 1 year after commencement of the action.")

  The original complaint was filed on September 30, 2009, over a year prior to removal.  The Franklin's bringing State Farm into the suit via a third-party complaint does not change the untimeliness for two reasons.  First, this Court's mandate requires construing removal statutes narrowly: Section 1446(b) specifies commencement; the federal rules specify a single commencement occurring upon filing of the initial complaint.  28 U.S.C. § 1446(b); Fed. R. Civ. P. 3(a) ("A civil action is commenced by filing a complaint with the court."); *See Burns*, 31 F.3d at 1095.  Second, Congress

could have created a more expansive limitation, providing caveats for different claims or parties. It declined. An action thus commences when the original complaint is filed, adding new parties or claims does not reset the one year limit. *See* Fed. R. Civ. P. 3(a); Ala. R. Civ. P. 3(a); *Auto Transportes Gacela S.A. De C.V. v. Border Freight Distri. & Warehouse, Inc.*, 792 F. Supp. 1471 (S.D. Tex. 1992) (remanding when "case was originally filed in state court on March 14, 1990[,] [t]he original Defendants were served in April, 1990[, and] [t]he removal by [third-party defendant] occurred on May 13, 1992, more than 1 year after the commencement of the state court action."). Hence, State Farm may not remove the case because the Worrells commenced the action more than one year prior to the removal.

Additional grounds for remand exist. The Franklins argue that, under State Farm's fraudulent joinder and realignment theory, the case became removable when State Farm received the July 16 third-party complaint, placing the December 3 removal outside the thirty-day window. (Doc. 10 at 3.) State Farm responds that the Franklins' amended third-party complaint—served within the thirty days before December 3—provides the

basis for removing the case, as it established the amount-in-controversy requirement. (Doc. 9 at 4.) A defendant must remove within thirty days of receiving the pleading that created subject matter jurisdiction. 28 U.S.C. § 1446(b).

For subject matter jurisdiction to exist, Section 1332 requires diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The Franklins seek a declaratory judgment obligating State Farm to defend and indemnify them against the Worrells. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. . . ." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076-77 (11th Cir. 2001). The value of defending and indemnifying the Franklins against liability for wanton actions resulting in permanent injury to a child constitutes the amount in controversy. State Farm must establish damages by preponderating evidence. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *rev'd on other grounds, Cohen,* 204 F.3d at 1076-77.

State Farm establishes that the Franklin's declaratory judgment action exceeds $75,000, based on the value to the Franklins of avoiding attorney's fees and liability to the Worrells.  Because the Worrells did not specify a monetary sum in their complaint, "the court should look to the notice of removal . . . ."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  The notice reveals that State Farm's policy provides $100,000 in coverage.  As State Farm states, "the Worrells have laid the ground work for the imposition of punitive damages and the possible submission of additional compensatory damages, over and above [the already-submitted medical bills]."  (Doc. 1 at 20.)  State Farm concludes that "[a] punitive damage award [against the Franklins] combined with the compensatory damage relief sought by the Worrells in the underlying litigation could indeed exceed the jurisdictional amount given the $100,000 policy limits."  (Doc. 1 at 22.)  By refusing to defend and indemnify the Franklins, State Farm would leave them liable for an amount uncapped by a coverage ceiling.  The Franklins filed their third-party complaint on July 16, 2010.  This complaint established subject matter jurisdiction, under State Farm's theory of diversity.  State Farm had thirty days to remove the case.  It did

not. State Farm instead removed the case December 3, 2010. The removal is untimely.

Yet State Farm's response argues that the Franklin's November 5, 2010 amended third party complaint first provides the requisite amount-in-controversy because the Franklins added claims for punitive damages. This argument fails. As shown above, State Farm's notice of removal satisfies its burden of showing the July 16 third-party complaint has a value in excess of $75,000 to the Franklins. Regardless, when it removed this action, State Farm did not rely on the Franklins' claims in their amended complaint to meet the amount-in-controversy: "While this alone demonstrates the amount in controversy is met, the analysis does not end here. On top of the damages in the underlying complaint, the recently filed Amendment to the Third-Party Complaint . . . ." (Doc. 1 at 22.) The July 16 third-party complaint was the first pleading that provided subject-matter jurisdiction, under State Farm's theory

V.   Conclusion.

Because removal is untimely, this Court grants the Franklin's motion to remand (Doc. 6) in which the Worrells join (Doc. 8). This matter will be

remanded to the Circuit Court of Bibb County, Alabama.  The Court will enter a separate order consistent with this Opinion.

    Done this 15th day of February 2011.

                                            _____
                                            L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE
                                                          159890